IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

AUGUST TERM, 1865, AT ST. JOSEPH.

---

CORNELIUS DAY, Appellant, *v.* JOHN W. AND JESSE BAKER, Respondents.

*Notes—Stamp—Evidence.*—Under the act of Congress of March 3, 1863, a note executed before June 1, 1863, is admissible in evidence if the proper stamp be affixed before it is thus offered.

*Appeal from Buchanan Court of Common Pleas.*

*H. M. & A. H. Vories,* for appellant.

*Ensworth* and *W. Jones,* for respondents.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff sued defendants, in the Court of Common Pleas for Buchanan county, on a promissory note, dated March 9, 1863, for the sum of three hundred dollars, due and payable thirty days after the date thereof. He alleged in his petition that, at the time of the execution of the note, neither he nor the defendants knew what denomination of revenue stamp was required to be attached to said note in accordance with the revenue laws of the United States, but that it was agreed

9—VOL. XXXVI.

that the stamp might be put upon the said note when the amount was ascertained. Plaintiff then averred that, before suit was brought, he attached a government stamp on said note (which is admitted to be of the proper denomination), and requested defendants to cancel the same by writing the initials of their names and the date thereon, which they refused to do. Defendants answered, admitting the execution of the note, but denied that any agreement was made about attaching a stamp to the said note or cancelling the same. They also alleged as a defence to plaintiff's cause of action, that the note was void because no stamp was affixed thereto, as provided by law of Congress approved July 1, 1862.

Before any trial was had, all the original papers together with the note were lost, and they were substituted in court. Neither party requiring a jury, the cause was submitted to the court. Plaintiff proved that about two months after the execution of the note he placed a revenue stamp of the proper amount thereon, and presented the same to defendants and requested them to cancel it, which they refused to do. No other evidence was offered or introduced in the cause. The court found for defendants. The plaintiff duly excepted and appealed.

The court below clearly misapprehended the law governing the case. The act of Congress of July, 1862, did make void all instruments requiring a stamp, where the party neglect to affix one according to its provisions; but this case does not come within its operation. By the law of Congress approved March 3, 1863, amendatory of the act of 1862, it is provided in section sixteen, "that no instrument, document, or paper, made, signed or issued prior to the first day of June, A. D. 1863, without being duly stamped, or having thereon an adhesive stamp, to denote the duty imposed thereon, shall, for that cause, be deemed invalid and of no effect: *And provided*, that no instrument, document, writing, or paper, required by law to be stamped, signed, or issued, without being duly stamped prior to the day aforesaid, or

Day v. Baker et al.

any copy thereof, shall be admitted or used as evidence in any court until a legal stamp, or stamps, denoting the amount of duty charged thereon, shall have been affixed thereto or used thereon, and the initials of the persons using or affixing the same, together with the date when the same is so used or affixed, shall have been placed thereon by such person. And the person desiring to use any such instrument, document, writing, or paper, as evidence, or his agent or attorney, is authorized, in the presence of the court, to stamp the same, as heretofore provided by law."

As regards this controversy, by the terms of this act it took effect from and after its passage, and all acts and parts of acts repugnant to, or inconsistent with, its provisions were repealed. It is unnecessary to notice the argument advanced by respondents' counsel, that, because the law had previously declared unstamped instruments of this description invalid, Congress had no constitutional right to afterwards pass an act to give them force and effect. It is sufficient to say, that no such question can here arise. The amendatory act of March 3, 1863, was in full force at the time the note was made and executed, and the contract was governed entirely by its provisions; the law of 1862 never applied. Now, by the said sixteenth section above cited, instruments, documents, notes, &c., made prior to June, 1863, were not invalid by reason of not having a stamp affixed to them, but before they could be used in evidence it was necessary to attach a stamp or stamps thereon. And the person holding such instrument, or desiring to use it in evidence, was authorized to place the stamp on the same, and cancel it by writing thereon his initials. From a fair and just construction of the law, this could have been done at any time, either before suit brought or afterwards; but, out of abundant caution, to guard against surprise, inconvenience, or hardship, the last clause of the section permits the party, his agent or attorney, even at the time of trial, to affix the stamp in the presence of the court.

All will admit that this law was conceived in a spirit of

justice and liberality. Previous to the rebellion, the Government always had ample revenue without resorting to anything like a stamp duty. The vast expenditures required to maintain our military and naval forces, rendered it necessary to devise new means of raising revenue. It was some time before the people could become well acquainted with the practical workings of the new system, or even procure the necessary stamps; hence a rigid adherence to the original law of 1862 would have worked manifest injustice, and therefore the enactment of the amendatory law. The great object of the law is to raise revenue, not to invalidate contracts or inflict penalties; and courts should be liberal, in carrying out and construing it, to further the ends of justice, where it has not been clearly violated.

It does not appear whether the appellant cancelled the stamp after the refusal of the respondents to cancel the same. No notice was taken of this, on the argument by either party. The cancellation was necessary, but it could be done when offered in evidence on the trial. The respondents here seek to avoid their obligation, without showing any meritorious defence.

The judgment is reversed and the cause remanded. The other judges concur.